**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-2096**

─────────────

BRENDA TOOMER-FRAZIER,

             Plaintiff - Appellant,

      v.

COLUMBIA, City of, an incorporated municipality,

             Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:14-cv-04360-MBS)

─────────────

Submitted:  February 27, 2017          Decided:  March 16, 2017

─────────────

Before TRAXLER, AGEE, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Glenn Walters, R. Bentz Kirby, Orangeburg, South Carolina, for Appellant.  W. Allen Nickles, III, NICKLES LAW FIRM, LLC, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Toomer-Frazier appeals from the district court's order adopting the report and recommendation of the magistrate judge and granting summary judgment to Defendant City of Columbia (the "City") in her 42 U.S.C. § 1981 (2012) suit alleging racial discrimination and retaliation in relation to her employment. We have reviewed the record and the briefs on appeal, and we find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court. Toomer-Frazier v. City of Columbia, No. 3:14-cv-04360-MBS (D.S.C. Aug. 31, 2016).

On appeal, Toomer-Frazier asserts that City of Canton v. Harris, 489 U.S. 378 (1989), permits her to hold the City liable under § 1981 for deliberate indifference or knowledge and acquiescence, even in the absence of an official municipal policy or custom of discrimination or retaliation. However, Canton does not reach so far. Canton holds that, if a municipal employee has not been properly trained, the municipality's failure to train evidences deliberate indifference to the rights of its inhabitants, and this lack of training causes the employee to unconstitutionally apply a facially valid policy,

2

the city can be held liable under § 1983.* 489 U.S. at 388-89. Importantly, the city's failure to train must reflect deliberate indifference to the constitutional rights of its inhabitants and be "closely related" to the plaintiff's ultimate injury. Id. at 391–92. Moreover, the Court made clear that the rule would only apply in "limited circumstances." Id. at 387.

Toomer-Frazier's allegations fall far short of stating a claim under Canton. Toomer-Frazier has not offered any evidence (and does not even seem to allege) that City officials were inadequately trained about an official policy, or that any failure to train amounted to deliberate indifference to the constitutional rights of the City's inhabitants. And she does not submit any evidence showing that any alleged deficiency in training caused the officials to treat her differently than white employees or was otherwise related to her discrimination or retaliation claims. Absent these allegations, Canton is inapplicable. See id. at 391. Because Toomer-Frazier has shown no official policy or custom of discrimination or retaliation by

---

* We have held that the Supreme Court's opinion in Jett v. Dallas Independent School District, 491 U.S. 701 (1989), limits claims against state actors for discrimination and retaliation to those brought under § 1983. Dennis v. City of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995); Crowley v. Prince George's Cty., 890 F.2d 683, 685–86 (4th Cir. 1989). Accordingly, and as the district court concluded, the standards applicable to § 1983 claims apply in this case, which was brought under § 1981.

3

the City, the district court correctly found that § 1981 relief was not available.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED